**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| HEIDI RALSTON, | ) | |
|     Plaintiff, | ) | |
| vs. | ) | Case No.: 4:25-cv-01325 |
| ROBERT E. LESSER, et al., | ) | |
|     Defendants. | ) | |

| | | |
|---|---|---|
| HEIDI RALSTON, et al., | ) | |
|     Plaintiff, | ) | |
| vs. | ) | Case No.: 4:26-cv-00054 |
| RICHARD R. ARNOLDY, et al., | ) | |
|     Defendants. | ) | |

**ARCO DEFENDANTS' MOTION TO DISMISS IN CASE NO. 4:26-CV-00054**

COME NOW Defendants Richard R. Arnoldy, Jeffrey L. Cook, Stephen F. Holste, Donald Michael Hartzog, Jr., and Bradley J. Dalbol (the "ARCO Defendants"), by and through counsel, to dismiss Counts II and III of Plaintiff Heidi Ralston's Amended Complaint (ECF No. 1) (the "Complaint"), pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), and states as follows:

1.      Plaintiff does not have Article III standing to assert her ERISA claims on behalf of the proposed class or the ARCO/Murray Construction Company Employee Stock Ownership Plan (the "Plan"), because the Complaint fails to allege Plaintiff herself suffered a concrete injury. In addition, Plaintiff does not have Article III standing to recover financial relief under Count II of the Complaint, brought under 29 U.S.C. § 1132(a)(3), because even if the Complaint had

1

sufficiently alleged she or the Plan suffered a concrete injury—which it does not—none of those injuries can be redressed via the financial relief available under Section 1132(a)(3).

2. Plaintiff fails to allege she is an ERISA "participant" capable of asserting the ERISA claims included in the Complaint.

3. The Complaint fails to state a claim under 29 U.S.C. § 1132(a)(3) against the ARCO Defendants in their capacities as selling shareholders, because it does not sufficiently allege that the ARCO Defendants had actual knowledge of the circumstances that made the subject transaction unlawful.

4. The Complaint fails to state claims of fiduciary and co-fiduciary breach against the ARCO Defendants in their capacities as alleged fiduciaries under 29 U.S.C. §§ 1104(a), 1105(a), because (1) the Complaint does not allege the ARCO Defendants were acting as ERISA fiduciaries for all challenged actions; (2) the allegations do not permit the Court to draw a reasonable inference that the ARCO Defendants breached any duty; and (3) with respect to the Complaint's claims under Section 1105(a)(1), (3), the Complaint does not sufficiently allege the ARCO Defendants acted with the knowledge required under those subsections.

5. The ARCO Defendants also incorporate into this motion Defendant Robert Lesser and Aegis Trust Company LLC's argument that the Complaint must be dismissed for Plaintiff's failure to exhaust her available administrative remedies before filing suit, which is addressed in Mr. Lesser and Aegis Trust's motion to dismiss.

WHEREFORE, the ARCO Defendants pray that this Court dismiss Counts II and III of Plaintiff's Complaint with prejudice pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), and for such other relief as the Court deems just and proper.

Dated: March 23, 2026

Respectfully submitted,

**BRYAN CAVE LEIGHTON PAISNER LLP**

*/s/ Jacob B. Simon*

Jacob B. Simon, #72128MO
211 North Broadway, Suite 3600
St. Louis, Missouri 63102
Tel: (314) 259-2000
Fax: (314) 259-2020
*jacob.simon@bclplaw.com*

W. Bard Brockman, *admitted pro hac vice*
Katelyn W. Harrell, *admitted pro hac vice*
1201 W. Peachtree St., NW 14th Floor
Atlanta, Georgia 30309
Tel : (404) 572-4000
Fax : (404) 572-4020
*bard.brockman@bclplaw.com*
*katelyn.harrell@bclplaw.com*

***Attorneys for Defendants Richard R. Arnoldy, Jeffrey L. Cook, Stephen F. Holste, Donald Michael Hartzog, Jr., and Bradley J. Dalbol***

3

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 23, 2026, a copy of the foregoing was served on all counsel of record by operation of the Court's electronic filing system.

*/s/ Jacob B. Simon*
Jacob B. Simon