# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| **HEIDI RALSTON, on behalf of the ARCO DB Companies, Inc. Employee Stock Ownership Plan, and on behalf of a class of all other persons similarly situated,** | : : : : : : | |
| **Plaintiff**, | : : | **Case No. 4:25-cv-1325-SEP** **(Former Case No. 4:25-cv-01340)** |
| v. | : : | |
| **AEGIS TRUST COMPANY, LLC, ROBERT E. LESSER,** *et al.* | : : : | |
| **Defendants.** | : | |

## <u>DEFENDANTS LESSER AND AEGIS TRUST COMPANY'S REPLY IN SUPPORT OF THEIR MOTION TO DISMISS COMPLAINT</u>

Joelle C. Sharman (Admitted Pro Hac Vice)
**O'HAGAN MEYER, PLLC**
3500 Lenox Road, Suite 1500
Atlanta, GA 30326
Telephone: 312-422-6200
jsharman@ohaganmeyer.com

Michael S. Metta (Admitted Pro Hac Vice)
**O'HAGAN MEYER, PLLC**
140 Kendrick Street, Bldg. C
Needham, MA 02494
Telephone: 617-843-6800
mmetta@ohaganmeyer.com

Timothy M. Hayes (MO Bar #68652)
One East Wacker Drive, Suite 3400
Chicago, IL 60601
312-422-6100
thayes@ohaganmeyer.com

*Counsel for Defendants Robert E. Lesser and Aegis Fiduciary Services, LLC*

March 31, 2026

## TABLE OF CONTENTS

**TABLE OF CONTENTS**.................................................................................................**ii**

**TABLE OF AUTHORITIES**..........................................................................................**iii**

I.        PLAINTIFF DOES NOT REFUTE HER LACK OF ARTICLE III STANDING.  1

    A.  Alleged Loss to the Plan Is Not Net Investment Loss to Plaintiff's ESOP Account.  1

    B.  Plaintiff Ignores the Fairly Traceable Element of Article III Standing....................... 3

    C.  Plaintiff Ignores the Redressability Element of Standing. .......................................... 4

II.       PLAINTIFF IMPLICITLY CONCEDES HER DUTY AND FAILURE TO

        EXHAUST. ..................................................................................................... 5

III.      PLAINTIFF'S PLEADING FAILURES DOOM HER CLAIM. ........................... 8

IV.       CONCLUSION................................................................................................ 10

## **TABLE OF AUTHORITIES**

**Cases**

*Acton v. Tosco Corp.*, 815 F.2d 1161 (8th Cir. 1986) ...................................................................... 4

*Aetna Life Ins. Co. v. Fast Lab Techs., LLC,* 2025 U.S. Dist. LEXIS 166649 (S.D.N.Y. Aug. 27, 2025) .............................................................................................................................................. 8

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ........................................................................... 9

*Bickley v. Caremark Rx, Inc.,* 461 F.3d 1325 (11th Cir. 2006) ...................................................... 6

*Bonds v. Heeter*, 2024 U.S. Dist. LEXIS 83896 (E.D. Mich. May 8, 2024) ................................. 3

*Braden v. Wal-Mart Stores, Inc.,* 588 F.3d 585 (8th Cir. 2009) ..................................................... 1

*Brown v. J.B. Hunt Transp. Servs., Inc.*, 586 F.3d 1079 (8th Cir. 2009) ...................................... 6

*Brown v. Medtronic, Inc.*, 628 F.3d 451 (8th Cir. 2010) ............................................................ 1, 3

*Brundle v. Wilmington Tr., N.A.*, 919 F.3d 763 (4th Cir. 2019) ..................................................... 2

*Burds v. Union Pac. Corp.*, 223 F.3d 814 (8th Cir. 2000) .............................................................. 6

*Chorosevic v. MetLife Choices,* 600 F.3d 934 (8th Cir. 2010) ...................................................... 6

*Cunningham v. Cornell Univ.,* 604 U.S. 693 (2025) ...................................................................... 8

*Donovan v. Cunningham,* 716 F.2d 1455 (5th Cir. 1983) .............................................................. 3

*Elmhurst Cemetery Co. of Joliet v. Comm'r,* 300 U.S. 37 (1937) .................................................. 1

*Erie v. Pap's A.M.*, 529 U.S. 277 (2000) ........................................................................................ 5

*Fifth Third Bancorp v. Dudenhoeffer,* 573 U.S. 409 (2014) ........................................................ 10

*Fitts Estate v. Comm'r*, 237 F.2d 729 (8th Cir. 1956) .................................................................... 2

*Galman v. Prudential Ins. Co. of Am.*, 254 F.3d (8th Cir. 2001) ................................................... 7

*Goewert v. Hartford Life & Accident Ins. Co.*, 442 F. Supp. 2d 724 (E.D. Mo. 2006) .............. 6, 7

*Goldman v. Barrett,* 825 Fed. Appx. 35 (2d Cir. Sept. 10, 2020) .................................................. 9

*Henry v. Champlain Enters*., 445 F.3d 610 (2d Cir. 2006) ................................................................ 4

*Henry v. Wilmington Tr., N.A*., 2021 U.S. Dist. LEXIS 171927 (D. Del. Sep. 10, 2021) .............. 3

*Herman v. Mercantile Bank, N.A*., 143 F.3d 419 (8th Cir. 1998)................................................... 3

*Innis v. Bankers Tr. Co.* 2017 U.S. Dist. LEXIS 178814 (S.D. Iowa Oct. 13, 2017)..................... 3

*Jones v. Aetna Life Ins. Co.,* 943 F.3d (8th Cir. 2019) ................................................................ 6

*Laidig v. GreatBanc Tr. Co*., 2023 U.S. Dist. LEXIS 15986 (N.D. Ill. Jan. 31, 2023) .................. 3

*Layes v. Mead Corp.,* 132 F.3d 1246 (8th Cir. 1998)................................................................ 6, 7

*Lee v. Argent Trust Co.,* 2019 U.S. Dist. LEXIS 132066 (E.D.N.C. Aug. 7, 2019) ...................... 1

*Lloyd v. Argent Tr. Co.,* 2022 U.S. Dist. LEXIS 87849 (S.D.N.Y. Dec. 6, 2022).......................... 3

*Lutter v. JNESO,* 86 F.4th 111 (3d Cir. 2023) ............................................................................ 2

*MacTaggert v. Pro. Fid. Servs., LLC*, 2025 U.S. Dist. LEXIS 117861 (W.D. Wis. Jun. 20, 2025) 2

*Meiners v. Wells Fargo & Co.,* 898 F.3d 820 (8th Cir. 2018) ....................................................... 9

*Merrow v. Horizon Bank,* 699 F. Supp. 3d (E.D. Ky. 2023) ......................................................... 3

*Montgomery v. Aetna Plywood, Inc*., 39 F. Supp. 2d 915 (N.D. Ill. 1998) .................................... 5

*Perez v. Bruister*, 54 F. Supp. 3d 629 (S.D. Miss. 2014) ............................................................. 4

*Perez v. First Bankers Tr. Servs*., 210 F. Supp. 3d 518 (S.D.N.Y. 2016) ..................................... 2

*Placht v. Argent Tr. Co.*, 2022 U.S. Dist. LEXIS 142993 (N.D. Ill. Aug. 10, 2022) ..................... 3

*Plutzer v. Bankers Tr. Co. of S.D*., 2022 U.S. App. LEXIS 32021 (2d Cir. Nov. 21, 2022) ....... 2, 9

*Schleeper v. Purina Benefit Ass'n,* 1998 U.S. Dist. LEXIS 22399 (E.D. Mo. July 17, 1998) ....... 7

*Skelton v. Davidson Hotels LLC,* 33 F.4th (8th Cir. 2022)............................................................ 6

*Spokeo Inc. v. Robins*, 578 U.S. 330 (2016)................................................................................ 4

*Streza v. S. Nev. Culinary & Bartenders Pension Plan*, 2022 U.S. Dist. LEXIS 120268 (W.D.

Mo. July 8, 2022)................................................................................................................. 7

*Swain v. Wilmington Tr., N.A.*, 2018 U.S. Dist. LEXIS 25664 (D. Del. Feb. 16, 2018) ................. 3

*Taylor v. KeyCorp,* 680 F.3d 609 (6th Cir. 2012)............................................................. 3

*Thole v. U.S. Bank N.A.,* 590 U.S. 538 (2020) .......................................................... 1, 3

*Tucker v. Express Scripts Health & Welfare Benefits Plan,* 2021 U.S. Dist. LEXIS 88776 (E.D. Mo. May 10, 2021) ................................................................................................. 7

*Unitedhealth Grp. PBM Litig.,* 2017 U.S. Dist. LEXIS 208328 (D. Minn. Dec. 19, 2017)........... 7

*Vickery v. Conagra Foods, Inc.,* 2016 U.S. Dist. LEXIS 78448 (E.D. Mo. June 16, 2016)........... 7

*Warth v. Seldin*, 422 U.S. 490, 505 (1975)...................................................................... 5

*Wilmington Trust Corp. ERISA Litig.*, 943 F. Supp. 2d 478 (D. Del. 2013) ................................. 3

*York v. Wellmark, Inc.,* 2019 U.S. Dist. LEXIS 63763 (S.D. Iowa Feb. 28, 2019)........................ 6

*Young v. Verizon's Bell Atl. Cash Balance Plan,* 667 F. Supp. 2d 850 (N.D. Ill. 2009).................. 4

## Codes

ERISA § 406(a)............................................................................................................... 8

ERISA § 408(e)............................................................................................................... 8

ERISA § 502(a)(2) ..................................................................................................... 3, 4

Defendants, Aegis Trust Company, LLC ("Aegis") and Robert E. Lesser ("Lesser"), file this Reply in support of their Motion to Dismiss the Amended Complaint filed by Plaintiff with prejudice.

## I.    PLAINTIFF DOES NOT REFUTE HER LACK OF ARTICLE III STANDING.

The fact that Plaintiff alleges that her losses are coterminous with the Plan's does not excuse her from showing individualized injury. "There is no ERISA exception to Article III." *Thole v. U.S. Bank N.A.,* 590 U.S. 538, 547 (2020).

### A.    Alleged Loss to the Plan Is Not Net Investment Loss to Plaintiff's ESOP Account.

To show constitutional standing, Plaintiff was required to "allege **a net loss in investment value**" to her ESOP account. *Brown v. Medtronic, Inc.*, 628 F.3d 451, 457-58 (8th Cir. 2010) (citation omitted) (emphasis supplied). *Accord Braden v. Wal-Mart Stores, Inc.,* 588 F.3d 585, 592 (8th Cir. 2009) ("Braden has satisfied the requirements of Article III because he has alleged actual injury to his own Plan account …."). This Plaintiff did not do.

Plaintiff's pleading failure is understandable. Judicially noticeable documents show that the ESOP, despite having borrowed $197 million to purchase the ESOP stock for $197 million, acquired $10.5 million of equity in the Company immediately upon closing of the ESOP Transaction. This fact shows, *at a minimum,* that the ESOP did not pay more than fair market value for the stock. *Accord Lee v. Argent Trust Co.,* 2019 U.S. Dist. LEXIS 132066, *9-10 (E.D.N.C. Aug. 7, 2019) (because a company's equity value in a fully leveraged ESOP transaction initially "would be $0," reporting a positive equity value immediately after the transaction indicates that participants "realized an immediate equit[y] benefit"). *See, generally, Elmhurst Cemetery Co. of Joliet v. Comm'r,* 300 U.S. 37, 39 (1937) (the best method for determining the fair market value of unlisted stocks is by reference to actual sales made in reasonable amounts, at arm's length, in the

1

normal course of business, and <u>within a reasonable time</u> before *or after* the valuation date); *accord Fitts Estate v. Comm'r*, 237 F.2d 729, 731 (8th Cir. 1956). That the value of the ESOP stock since has soared to more than **$504 million** -- **an increase of over 4,600%** -- reinforces that neither Plaintiff nor the Plan was harmed in the ESOP Transaction.[1]

Unable to allege any nonconclusory fact suggesting a net loss to her ESOP account, Plaintiff, instead, argues that, had he applied certain discounts, the Trustee could have secured a better deal for the ESOP.  But, as Plaintiff's counsel previously was admonished, such allegations are speculatory and, thus, legally insufficient to show Article III standing. *See MacTaggert v. Pro. Fid. Servs., LLC*, 2025 U.S. Dist. LEXIS 117861, *11 (W.D. Wis. Jun. 20, 2025) (dismissing complaint for lack of Article III standing where argument "that even [participant'] ESOP account is doing well, it would be doing even better if the ESOP had not originally overpaid for Extreme Engineering stocks" was "based solely on speculation rather than a reasonable inference from the facts actually alleged"); *accord Plutzer v. Bankers Tr. Co. of S.D.*, 2022 U.S. App. LEXIS 32021, *6-7 (2d Cir. Nov. 21, 2022); *Lutter v. JNESO,* 86 F.4th 111, 134-35 (3d Cir. 2023); *Perez v. First Bankers Tr. Servs.*, 210 F. Supp. 3d 518, 533 (S.D.N.Y. 2016).

Contrary to her contention, the Trustee's role in the ESOP Transaction was not to secure Plaintiff or the Plan a windfall. *Accord Donovan v. Cunningham,* 716 F.2d 1455, 1467-68 (5th Cir.

---

[1] Contrary to Plaintiff's contention, *Brundle v. Wilmington Tr., N.A.*, 919 F.3d 763, 782 (4th Cir. 2019) does not hold that "post-Transaction stock gains are irrelevant to injury because an overpayment on company stock by an ESOP as of such date is not offset by subsequent stock appreciation." (ECF 71, p. 13.) This quote from *Brundle* pertains to the computation of a damages award, not to loss for the purposes of Article III standing. *See id.* The Court in that case held:

> Wilmington breached here by overpaying for the Constellis stock. Principles of restitution therefore entitle the ESOP and its participants to compensation for the loss from the overpayment. Any subsequent gains involving the stock, which the ESOP would have obtained regardless of the overpayment, have no bearing on that loss….

919 F.3d at 782.

1983). Instead, the Trustee simply had to make a "determination of fair market value by way of a prudent investigation in the circumstances then prevailing." *Id. Accord Herman v. Mercantile Bank, N.A.*, 143 F.3d 419, 425 (8th Cir. 1998) *Innis v. Bankers Tr. Co.* 2017 U.S. Dist. LEXIS 178814, at *25 (S.D. Iowa Oct. 13, 2017).

None of the cases upon which Plaintiff relies supports a contrary conclusion. Those cases, unlike here, involved a significant post-transaction decline in the ESOP stock value[2] or specific allegations of loss to the participant's own account.[3] As such, they are all factually inapposite.[4]

**B.**     **Plaintiff Ignores the Fairly Traceable Element of Article III Standing.**

Of import, Plaintiff also ignores that Article III requires her to show that any loss to her ESOP account was "fairly traceable to the defendants' challenged actions." *Brown*, 628 F.3d at 457-58. *Accord Taylor v. KeyCorp,* 680 F.3d 609, 613 (6th Cir. 2012); *In re Wilmington Trust Corp. ERISA Litig.*, 943 F. Supp. 2d 478, 487-88 (D. Del. 2013). Plaintiff does not make such allegations. Nor do the documents incorporated by reference in the Amended Complaint permit her to do so. Those documents show that the Trustee's only role in the ESOP Transaction was to determine the

---

[2] *See Innis v. Bankers Tr. Co.*, 2017 U.S. Dist. LEXIS 178814, at *12-13 (S.D. Iowa Oct. 13, 2017); *Bonds v. Heeter*, 2024 U.S. Dist. LEXIS 83896, at *6 (E.D. Mich. May 8, 2024); *Placht v. Argent Tr. Co.*, 2022 U.S. Dist. LEXIS 142993, *10 (N.D. Ill. Aug. 10, 2022); *Henry v. Wilmington Tr., N.A.*, 2021 U.S. Dist. LEXIS 171927, at *9 (D. Del. Sep. 10, 2021); *Lloyd v. Argent Tr. Co.,* 2022 U.S. Dist. LEXIS 87849, at *6 (S.D.N.Y. Dec. 6, 2022), *aff'd*, 2025 U.S. App. LEXIS 13411 (Jan. 3, 2025).

[3] *See Laidig v. GreatBanc Tr. Co.*, 2023 U.S. Dist. LEXIS 15986, *16 (N.D. Ill. Jan. 31, 2023) (post-transaction decline coupled with allegations that purchase price "was greater than its market price was even before it took on the debt," that seller loan was offered at an unreasonably high interest rate, and that company failed to sell at similar prices for decade prior to transaction); *Swain v. Wilmington Tr., N.A.*, 2018 U.S. Dist. LEXIS 25664, at *10 (D. Del. Feb. 16, 2018) (independent appraiser valued ESOP stock 60% lower than purchase price paid just 11 days earlier).

[4] *Merrow v. Horizon Bank,* 699 F. Supp. 3d 605 (E.D. Ky. 2023), which held that a plaintiff need not show individualized harm so long as he/she bring suit derivatively on behalf of the plan under ERISA § 502(a)(2), *id.* at 513, is contrary to *Thole. See* 590 U.S. at 547 (2020) (ERISA provides no exception to Article III). Not surprisingly, no cases have cited to *Merrow* as support.

3

fair market value of the Company stock, negotiate the terms of the ESOP Transaction on behalf of the ESOP, and to determine whether the ESOP Transaction as a whole was fair to the ESOP from a financial point of view.

Of equal import. Plaintiff also ignores that, even if the Trustee could have attempted to negotiate a better deal for the ESOP, he would have lacked power to demand that the Board of Directors and the selling shareholders accept that deal. Also, whether the Board of Directors and the selling shareholders would have accepted such an offer is wholly speculative. For these reasons, Plaintiff cannot show that any losses she theoretically could have suffered to her ESOP account would have been fairly traceable to the Trustee's actions. Absent allegations supporting the ability to trace the cause of any purported loss to the actions of Lesser and Aegis, Plaintiff lacks Article III standing. *Accord Spokeo Inc. v. Robins*, 578 U.S. 330, 338 (2016).

### C.      **Plaintiff Ignores the Redressability Element of Standing.**

Finally, Plaintiff foolishly discounts the Adequate Consideration provision in the Stock Purchase Agreement (SPA), which forecloses Plaintiff's ability to satisfy the redressability element of Article III standing. That provision, as Lesser and Aegis explained in their Motion to Dismiss, states that, in the event the Court determines that the ESOP overpaid for the stock, the selling shareholders *must* make the Plan whole. (*See* Ex. 6 to Lesser Decl., at § 5.7.)  Given this make-whole relief, awarding Plaintiff any additional equitable relief against Lesser and Aegis would confer a windfall upon her. As a matter of law, a windfall is neither equitable nor "appropriate" under ERISA §§ 502(a)(2) or (3). *Accord Acton v. Tosco Corp.*, 815 F.2d 1161, 1163 (8th Cir. 1986); *Perez v. Bruister*, 54 F. Supp. 3d 629, 675 (S.D. Miss. 2014); *Henry v. Champlain Enters.*, 445 F.3d 610, 624 (2d Cir. 2006); *Young v. Verizon's Bell Atl. Cash Balance Plan,* 667 F. Supp. 2d 850, 899 (N.D. Ill. 2009). To avoid conferring a windfall upon Plaintiff, Lesser and Aegis would be entitled to a complete offset as to any award entered against them. *See Walsh*, 19 F.4th at 674

4

("Not offsetting the damages in the case would result in a windfall for the employee stock ownership plan that was prohibited by ERISA and the cases interpreting it[.]"); *Montgomery v. Aetna Plywood, Inc.*, 39 F. Supp. 2d 915, 939 (N.D. Ill. 1998) ("Any additional recovery would be a double recovery windfall.").

The inability of Plaintiff to secure equitable relief against Lesser and Aegis in the event she prevails renders her claim again them moot. *See City of Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000) (Article III considers case moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome") (citation omitted). Mootness deprives also Plaintiff of Article III standing. *See Warth v. Seldin*, 422 U.S. 490, 505, 508 (1975) (standing requires plaintiff to show requested relief "will remove the harm," and that she "personally would benefit in a tangible way from the court's intervention").

Any or all of the above reasons forecloses this Court's subject matter jurisdiction. Dismissal with prejudice is required.

## II. PLAINTIFF IMPLICITLY CONCEDES HER DUTY AND FAILURE TO EXHAUST.

In their Motion, Lesser and Aegis cite to a plethora of cases from this Circuit holding that ERISA plaintiffs must exhaust even their statutory claims before filing suit. In opposition, Plaintiff discounts these cases as "dressed up" claims for benefits and posits that her claims are purely "statutory, and not a benefits claim[.]" (ECF 71, p. 15.) Yet, at the same time, Plaintiff concedes that her claim here is that she "did not receive the retirement benefits [she] earned[.]" (*Id.*, p. 9.) (Emphasis supplied.)

ERISA did not excuse Plaintiff from exhausting her so-called "dressed up" claim for benefits. Contrary to het contention, Plaintiff has not shown that exhaustion would have been futile or "a waste of time." (ECF 71, p. 16.) Mere speculation that the Plan will deny a claim on appeal

5

does not establish futility. *Brown v. J.B. Hunt Transp. Servs., Inc.*, 586 F.3d 1079, 1085 (8th Cir. 2009) (quotation omitted). Otherwise, nearly all administrative appeals would be futile. *Goewert v. Hartford Life & Accident Ins. Co.*, 442 F. Supp. 2d 724, 730 (E.D. Mo. 2006). *See Bickley v. Caremark Rx, Inc.,* 461 F.3d 1325, 1330 n.9 (11th Cir. 2006) ("The potential for an adequate legal remedy[,]" at all times, "exist[ed] in this case because, given an opportunity to address [Plaintiff's] claim on behalf of the Plan, [the Committee] could provide the remedy [Plaintiff] seeks by pursuing a claim against [the Trustee].").

The Eighth Circuit has held that, "[w]here a claimant fails to pursue and exhaust administrative remedies that are clearly required under a particular ERISA plan," as here, "h[er] claim for relief is barred." *Chorosevic v. MetLife Choices,* 600 F.3d 934, 941 (8th Cir. 2010) (quoting *Layes v. Mead Corp.,* 132 F.3d 1246, 1252 (8th Cir. 1998)). The Court even has clarified that a participant's "failure to exhaust her administrative remedies bars her from asserting any unexhausted claims in federal court." *Id.* at 942 (quoting *Burds v. Union Pac. Corp.*, 223 F.3d 814, 817 (8th Cir. 2000)) (emphasis supplied).

Contrary to Plaintiff's suggestion, neither *Jones v. Aetna Life Ins. Co.,* 943 F.3d 1167 (8th Cir. 2019). nor *Skelton v. Davidson Hotels LLC,* 33 F.4th 968 (8th Cir. 2022) changes this conclusion. *Jones* declined to address whether exhaustion applied to statutory claims, 943 F.3d at 1169; and *Skelton* affirmed the district court's grant of summary judgment without addressing its threshold ruling on exhaustion. 33 F4th at 973. *Compare York v. Wellmark, Inc.,* 2019 U.S. Dist. LEXIS 63763, at *23-24 (S.D. Iowa Feb. 28, 2019) (declining to carve out exception to exhaustion requirement for statutory claims despite *Skelton*).[5]

---

[5] In a footnote, Plaintiff suggests that she was not required to exhaust her claim because the parties did not invoke the arbitration provisions of the Plan. (ECF 71, p. 16 n. 7.) To the contrary, Section 14.8 of the Plan requires exhaustion before arbitration. While arbitration may be waived,

Plaintiff alternatively argues that, rather than dismiss her Amended Complaint, the Court should stay this action pending exhaustion. But the cases that she cites for that proposition make sense only where a plaintiff has followed the relevant review procedures in the Plan and has prematurely filed suit. In those instances, the district court may exercise its inherent power to stay proceedings to allow the plaintiff to complete the administrative review process. But here, Plaintiff here never commenced the claims process prior to filing suit.[6]

Plaintiffs do not cite a single case supporting a rule that would allow an ERISA plaintiff to secure a stay based on their own unexcused and unexplained delay in pursuing their claims. "Where a claimant fails to pursue and exhaust administrative remedies that are clearly required under a particular ERISA plan, his claim for relief is barred." *Layes v. Mead Corp.,* 132 F.3d 1246, 1252 (8th Cir. 1998) (citation omitted); *accord Schleeper v. Purina Benefit Ass'n,* 1998 U.S. Dist. LEXIS 22399, at *12-13 (E.D. Mo. July 17, 1998). Where the Amended Complaint does not plead exhaustion and Plaintiff does not dispute that she made no effort to exhaust her administrative remedies before filing this lawsuit, granting a stay pending exhaustion, based on no greater justification than Plaintiff's own unexplained and unexcused delay, would completely undermine ERISA, the federal common law of this Circuit, and the strong legislative policy judgments

---

exhaustion is required. *Accord Goewert,* 442 F. Supp. 2d at 728 n.1; *Tucker v. Express Scripts Health & Welfare Benefits Plan,* 2021 U.S. Dist. LEXIS 88776, at *7 (E.D. Mo. May 10, 2021); *Vickery v. Conagra Foods, Inc.,* 2016 U.S. Dist. LEXIS 78448, at *41 (E.D. Mo. June 16, 2016); *In re Unitedhealth Grp. PBM Litig.,* 2017 U.S. Dist. LEXIS 208328, at *28 (D. Minn. Dec. 19, 2017).

[6] In *Streza v. S. Nev. Culinary & Bartenders Pension Plan*, 2022 U.S. Dist. LEXIS 120268 (W.D. Mo. July 8, 2022), the district court deemed the Plan's administrative remedies exhausted where, unlike here, the plaintiff has commenced the claim review procedures before filing suit, and the plan resolved her appeal after she filed suit but before dispositive motions were filed. In *Galman v. Prudential Ins. Co. of Am.*, 254 F.3d 768 (8th Cir. 2001), the plaintiff invoked Prudential's internal appeals procedure, while simultaneously filing suit. *Id.* at 769. The district court stayed the action to allow the plaintiff to exhaust his remedy under the Plan. *Id.*

embodied in ERISA's statute of repose. Plaintiff's proposal to stay these proceedings should be denied, and the Court should dismiss the Amended Complaint for failure to exhaust.

### III.     PLAINTIFF'S PLEADING FAILURES DOOM HER CLAIM.

In response to the Trustee's Rule 12(b)(6) challenge, Plaintiff, quoting *Cunningham v. Cornell Univ.,* 604 U.S. 693, 708 (2025), argues that., "[a]t the pleading stage, … it suffices for a plaintiff plausibly to allege the . . . elements" of the claimed § 1106(a) violation." (ECF 71, p. 19 n. 8.) But in cherry-picking that one sentence, Plaintiff omits the Court's key holding in *Cunningham,* as follows: **"District courts must also, consistent with Article III standing, dismiss suits that [as here] allege a prohibited transaction occurred but fail to identify an injury."** *Id.* at 708-09 (citation omitted) (emphasis supplied).

Plaintiff then argues (and incorrectly so) that "the burdens of pleading and proof on § 1108 affirmative defenses do not shift to the plaintiff where the complaint touches on a defense, such as for purposes of meeting threshold Article III standing[.]" (ECF 71, p. 20.) Plaintiff, however, does not dispute that her ERISA § 406(a) claim rests on the Trustee's allegedly having caused the ESOP to overpay for the ESOP Stock. Nor does Plaintiff dispute that the ESOP experienced *immediate* positive equity upon the closing of the ESOP Transaction -- a result which could occur only if the Plan had <u>not</u> overpaid for the ESOP Stock. By not disputing these facts, Plaintiff necessarily concedes that the Trustee's affirmative defense of adequate consideration under ERISA § 408(e) appears on the face of the complaint and, as such, may be considered in ruling on this Motion to Dismiss. *Accord Cunningham v. Cornell Univ.,* 604 U.S. 693, 708 (2025). *See also Aetna Life Ins. Co. v. Fast Lab Techs., LLC,* 2025 U.S. Dist. LEXIS 166649, at *21 (S.D.N.Y. Aug. 27, 2025)

(ERISA exhaustion defense appearing on face of complaint could be considered on motion to defense).[7]

Plaintiff does not plead facts overcome this affirmative defense. For example, she does not provide meaningful benchmarks by which to gauge her challenge to the discounts for lack of marketability and control applied by the Trustee, *accord Meiners v. Wells Fargo & Co.,* 898 F.3d 820, 822 (8th Cir. 2018); and her generic, conclusory list of alleged valuation errors "amount[] to little more than a rephrasing of [her] conclusory allegation that the Plan overpaid for the company." *Plutzer,* 2022 U.S. App. LEXIS 32021, at *6.

Most importantly, Plaintiff alleges no facts relative to the Trustee's process in determining the fair market value of the ESOP Stock, and she should not be allowed a free pass to use discovery tshe seeks has no bearing on the alleged liability *vel non* of the Trustee. Allegations of what Plaintiff does not know but hopes might be proven following discovery do not help her position— Rules 8 and 11 require more than mere hopes and wishes to support information-and-belief pleading. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 561 (2007) (rejecting the idea that "a wholly conclusory statement of" injury may survive based on the unjustified hope and "possibility that a plaintiff might later establish some" set of undisclosed facts that would support injury-in-fact). "**[A]n attorney may not rely on [the promise of future] discovery to manufacture a claim that lacks factual support in the first instance.**" *Goldman v. Barrett,* 825 Fed. Appx. 35, 38-39 (2d Cir. Sept. 10, 2020) (emphasis supplied).[8]

---

[7] To the extent that Plaintiff posits that *Braden* holds otherwise, the case predated *Cunningham* and, thus, was overruled.

[8] In any event, Plaintiff's professed need for discovery puts the proverbial cart before the horse. As a matter of law, Plaintiff has the threshold burden to plead in her Amended Complaint that the alleged overpayment resulted in a loss to her individual account. Plaintiff concedes in her Motion that she did not make this allegation. There is no authority that affords Plaintiff the right to use discovery to manufacture an injury that she has not yet suffered nor alleged.

The Supreme Court has embraced pleading requirements that "readily divide the plausible sheep from the meritless goats." *Fifth Third Bancorp v. Dudenhoeffer,* 573 U.S. 409, 425 (2014). Plaintiff has not met those requirements. To excuse Plaintiff from her threshold pleading burden and give her a free pass to discovery would open the floodgates for ESOP litigation by allowing meritless suits by anyone claiming individualized injury and, at the same time, excusing him/her from articulating any factual basis as support. This is not what Congress intended, not what ERISA contemplates, and not what the Constitution permits.

## IV.   CONCLUSION

For the reasons discussed above, this Court should dismiss the Amended Complaint against Lesser and Aegis with prejudice.

10

Date: <u>March 31, 2026</u>

**O'HAGAN MEYER, PLLC**

<u>/s/Joelle C. Sharman</u>
Joelle C. Sharman *(Admitted Pro Hac Vice)*
3500 Lenox Road, Suite 1500
Atlanta, GA 30326
Telephone: 770-891-0213
jsharman@ohaganmeyer.com

Michael S. Metta *(Admitted Pro Hac Vice)*
140 Kendrick Street, Bldg. C
Needham, MA 02494
Telephone: 617-843-6800
mmetta@ohaganmeyer.com

Timothy M. Hayes (MO Bar #68652)
One East Wacker Drive, Suite 3400
Chicago, IL 60601
312-422-6100
THayes@ohaganmeyer.com

*Counsel for Defendants Robert E. Lesser
and Aegis Fiduciary Services, LLC*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on this 31st day of March, 2026, I caused a true and correct copy of the foregoing **DEFENDANTS LESSER AND AEGIS TRUST COMPANY'S REPLY IN SUPPORT OF THEIR MOTION TO DISMISS** to be filed with the Clerk of the Court via the Electronic Filing System and to be sent by the clerk to all counsel of record.

Date: <u>March 31, 2026</u>

**O'HAGAN MEYER PLLC**

<u>/s/ Joelle C. Sharman</u>
Joelle C. Sharman *(Admitted Pro Hac Vice)*
3500 Lenox Road, Suite 1500
Atlanta, GA 30326
Telephone: 312-422-6200
jsharman@ohaganmeyer.com

Michael S. Metta *(Admitted Pro Hac Vice)*
140 Kendrick Street, Bldg. C
Needham, MA 02494
Telephone: 617-843-6800
mmetta@ohaganmeyer.com

Timothy M. Hayes (MO Bar #68652)
One East Wacker Drive, Suite 3400
Chicago, IL 60601
312-422-6100
THayes@ohaganmeyer.com

*Counsel for Defendants Robert E. Lesser
and Aegis Fiduciary Services, LLC*

12