**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

HEIDI RALSTON, on behalf of the ARCO Holdings Employee Stock Ownership Plan, and on behalf of a class of all other persons similarly situated,

Plaintiff,

v.

ROBERT E. LESSER, et al.,

Defendants.

No. 4:25-cv-01325-SEP

**MEMORANDUM AND ORDER**

Before the Court is Plaintiff Heidi Ralston's Motion for Leave to Conduct Limited Jurisdictional Discovery.[1] Doc. [65]. The motion is fully briefed and ripe for disposition. For the reasons set forth below, the motion is granted.

**BACKGROUND**

Plaintiff filed this putative class action on September 3, 2025, Doc. [1], and on December 2, 2025, filed an Amended Complaint, which is now the operative pleading, Doc. [36]. Ralston was a participant in an Employee Stock Ownership Plan (ESOP or Plan) sponsored by ARCO Holdings, Inc. (ARCO), and alleges that during a 2019 purchase transaction, Defendant Aegis Trust Company, LLC, a financial consultant, together with Defendant Robert E. Lesser, the ESOP's Trustee, caused the ESOP to purchase from the Shareholder Defendants[2] 100% of

[1] Plaintiff, on behalf of the ARCO Construction Holdings Inc. Employee Stock Ownership Plan, filed four separate but similar cases against various ARCO entities. *See Ralston v. Lesser*, Case No. 4:25-cv-01325-SEP; *Ralston v. Aegis Trust Company*, 4:25-cv-1340-MTS; *Ralston v. Arnoldy*, 4:26-cv-54-JMB; *Ralston v. Cook*, 4:26-cv-53-ZMB. All four cases involve ERISA claims against ARCO entities, with several overlapping Defendants. On March 10, 2026, the Court consolidated for pretrial purposes all the ARCO cases into Case No. 4:25-cv-01325-SEP and administratively closed the other three cases. *See* Doc. [68]. Prior to consolidation, Plaintiff filed a motion for jurisdictional discovery in the 4:25-cv-1340-MTS case, which the parties agree is substantively the same as the instant motion, and the Court's ruling on the motion applies equally to the motion in that case. *See* Doc. [107] at 2.

[2] The selling Shareholder Defendants are Craig A. Bridell as an individual and as Trustee of the Craig A. Bridell Revocable Trust, James P. Keeven, Jeffrey L. Cook as an individual and as Trustee of the Jeffrey L. Cook Revocable Living Trust, Richard R. Arnoldy as an individual and as Trustee of the Richard R. Arnoldy Revocable Trust, Stephen F. Holste as an individual and as Trustee of the Stephen Holste Revocable Trust, Charles E. Franke II as an individual and as Trustee of the Charles E. Franke II

ARCO National Holdings, Inc.'s (ANH) voting stock for greater than fair market value. *Id.* ¶¶ 1, 103, 146. Plaintiff, as a result of the 2019 transaction, received shares of ANH stock in her individual Plan account. *Id.* ¶ 17, 98. Plaintiff left her employment in 2022, and in 2023, she cashed out her Plan shares. *Id.* ¶ 17. In the Amended Complaint, Plaintiff states that she seeks to recover "the difference between the price paid by the Plan and the fair market value of [the ESOP Stock] at the time of the ESOP Transaction." *Id.* ¶ 99.

On February 2, 2026, the Shareholder and Director[3] Defendants moved to dismiss Counts II and III of Plaintiff's Amended Complaint under Federal Rule of Civil Procedure12(b)(1), arguing that Plaintiff lacks Article III standing to assert her claims. Doc. [55].[4] To support their Rule 12(b)(1) factual attack[5] on Plaintiff's standing, Defendants rely on extrinsic evidence,[6] including Plaintiff's individual ESOP account statements, which they submitted as attachments to a declaration in support of their motion. *See* Docs. [54-3], [54-4] *SEALED*. Defendants assert that Ralston's account statements support their position that she did not suffer a concrete financial injury sufficient to establish standing. *See* Doc. [54] at 3 *SEALED*. The statements show the number of shares of ANH stock allocated to Ralston's account, the value of each share, the total value of the stock, the total amount of cash separately included in her Plan account at the time, and the total amount of cash directly distributed to Ralston. *Id.* Defendants note that the statements indicate that, by the time Plaintiff left her

---

Declaration of Trust, and Tony Alan Roeschlein as an individual and as Trustee of the Tony Alan Roeschlein Trust.

[3] The Director Defendants are Bridell, Keeven, Cook, and Holste.

[4] Even though they are not named in Counts II and III of the Amended Complaint, and do not formally join the Shareholders' and Directors' motion to dismiss, all other Defendants filed a 20-page memorandum in opposition to Ralston's motion to conduct jurisdictional discovery. *See* Doc. [75].

[5] "In order to properly dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the complaint must be successfully challenged on its face or on the factual truthfulness of its averments." *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993) (citing *Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990)). "[I]n a factual attack, the existence of subject matter jurisdiction is challenged in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered." *Branson Label, Inc. v. City of Branson, Mo.,* 793 F.3d 910, 914-15 (8th Cir. 2015).

[6] Plaintiff's individual account statements were not attached to the Amended Complaint, nor were the contents therein referenced or alleged. Therefore, the documents constitute extrinsic evidence not "necessarily embraced by the pleadings," and Defendants' reliance on them renders their attack on the Amended Complaint "factual" rather than "facial" in nature. *Ashanti v. City of Golden Valley*, 666 F.3d 1148, 1151 (8th Cir. 2012).

employment, the share price had risen from a 2019 per share price of $248 to the 2022 per share price of $331.24, and therefore Plaintiff did not suffer any financial injury, but rather, enjoyed a net financial gain. *See* Doc. [54-1] at 11-13 *SEALED*. It necessarily follows, they argue, that Plaintiff did not suffer a financial injury sufficient to establish standing. *Id*.

Plaintiff seeks limited jurisdictional discovery regarding the fair market value of the ANH stock at the time of purchase by the ESOP to support her contention that the Plan paid more than fair market value in the 2019 transaction. *See* Doc. [65-1] at 7. Specifically, Plaintiff seeks the transaction binder, the valuation report prepared by the Trustee's valuation advisor, reports from any other advisors reviewed by the Trustee in connection with the transaction, and the fiduciary committee notes from the transaction. *Id.* at 6. She asserts that the items will show whether the ESOP paid fair market value for the shares and thus clarify whether she suffered a financial injury. *Id*.. She argues that, even though her stock was purchased for more than the transaction price when her employment ended, she would have received more shares in her account and would have realized even larger gains if the ESOP had purchased the shares at a lower price—i.e., fair market value—in 2019. *Id*. at 7.

**LEGAL STANDARD**

Unlike Rule 12(b)(6) motions to dismiss, which typically do not require any discovery unless converted into a Rule 56 motion for summary judgment, motions to dismiss for lack of jurisdiction under Rule 12(b)(1) often raise factual issues that require the Court to look outside the pleadings. *See Johnson v. United States*, 534 F.3d 958, 964 (8th Cir. 2008) ("Trial courts have wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1).").

Courts have consistently held that, "where issues arise as to jurisdiction or venue, discovery is available to ascertain the facts bearing on such issues." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 n.13 (1978). Whether to grant jurisdictional discovery is a decision committed to the sound discretion of the district court, and the denial of a jurisdictional discovery request is reviewed for abuse of discretion. *Lakin v. Prudential Sec., Inc.,* 348 F.3d 704, 713 (8th Cir. 2003). "The burden is on the plaintiff in seeking jurisdictional discovery . . . ." *Fever v. Westin, St. Louis*, 2012 WL 1657062, at *2 (E.D. Mo. May 10, 2012). To justify a request for jurisdictional discovery, the plaintiff must have "at least a good faith belief" that discovery will enable it to show that the court has jurisdiction, and that belief must be

based on more than mere "conjecture and speculation." *Doe v. Off. of Personnel Mgt.*, 813 F. Supp. 3d 156, 179 (D. D.C. 2025).

The Eighth Circuit has held that a district court may abuse its discretion by dismissing actions for jurisdictional reasons without first permitting a plaintiff to take some jurisdictional discovery. *See, e.g., Steinbuch v. Cutler*, 518 F.3d 580, 589 (8th Cir. 2008) (remanding the case to allow a party the opportunity to conduct discovery); *see also Sizova v. Nat. Inst. of Standards & Tech.*, 282 F.3d 1320, 1326 (10th Cir. 2002) (A refusal to grant discovery may constitute an abuse of discretion if the denial prejudices a litigant.). "[P]rejudice is present where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." *Barricks v. Barnes-Jewish Hosp.*, 2012 WL 1230750, at *2 (E.D. Mo. Apr. 12, 2012) (quoting *Sizova*, 282 F.3d at 1326).

## DISCUSSION

Defendants argue that jurisdictional discovery is unwarranted because "no amount of discovery" can establish that Plaintiff suffered a financial injury-in-fact. Doc. [74] at 6. They assert that because the ANH shares increased in value during her ownership, Plaintiff cannot show that she suffered a financial loss when her stock was purchased in 2023. *Id.* at 5-6, 10-11; Doc. [75] at 5, 8. Essentially, they maintain that the information Plaintiff seeks concerning whether the price paid for the stock reflected fair market value is irrelevant because it could not negate the fact that she experienced a financial gain rather than a loss, and therefore, the requested discovery should not be permitted.

Defendants' opposition ignores the crux of Plaintiff's argument. She does not dispute that the stock price increased during the relevant period. Rather, she argues that she received reduced appreciation on her stock because the Plan paid more than fair market value in 2019. *See* Doc. [65-1] at 9 (citing *Chao v. Hall Holding Co.*, 285 F.3d 415 (6th Cir. 2002) ("it is in the ESOP participant's best interest" for an ESOP to acquire stock at "the lowest price possible" in order to enable a higher return on investment in the future)).

Defendants also argue that Plaintiff's justification for seeking jurisdictional discovery is based on nothing more than conclusory speculation and conjecture about what the requested information may reveal. *See* Docs. [63] at 13-14; [74] at 10-11; [75] at 17. The Court disagrees. Plaintiff has offered multiple specific reasons why the discovery may reasonably be expected to support her jurisdictional argument. *See* Doc. [77] at 16-18. For example, she

asserts that the requested documents would support her allegations that the ESOP was improperly denied a discount for lack of control, Doc. [36] ¶ 80; that the ESOP did not receive a discount for lack of marketability, *id*. ¶¶ 10, 81; that the synthetic equity received by the selling shareholder Defendants diluted the value of the shares held by participants, *id*. ¶¶ 87-91; that the financial projections used for the 2019 transaction were not reasonable, *id*. ¶¶ 10, 97; that the comparable public companies used to value the transaction were too dissimilar to provide a reasonable indication of value, *id*. ¶ 92; and that the trustee Defendants did not properly challenge the financial projections and valuation analysis, *id*. ¶ 93. Expecting her to provide a more detailed explanation of what discovery may reveal would be unreasonable at this juncture, as "ERISA plaintiffs generally lack the inside information necessary to make out their claims in detail unless and until discovery commences." *Braden v. Walmart Stores, Inc*., 58 F.3d 585, 598 (8th Cir. 2009).

Without ruling on the merits of the parties' claims and defenses or reaching the underlying question of whether Plaintiff indeed suffered a sufficient injury-in-fact to establish Article III standing, the Court finds Plaintiff has demonstrated an adequate basis for the requested discovery. *See Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351 n. 13 (1978) (Where "issues arise as to jurisdiction . . . discovery is available to ascertain the facts bearing on such issues."). Plaintiff is entitled to limited discovery to support her argument. *See Steinbuch*, 518 F.3d at 589.

Additionally, the scope of discovery sought by Plaintiff is narrowly tailored to her needs and clearly defined, and it should be easily producible by Defendants. Defendants have neither argued nor demonstrated that responding to the request would be burdensome. The Court concludes that jurisdictional discovery is warranted under the circumstances. *See Johnson*, 534 F.3d at 964 (court has discretion to determine whether and how much jurisdictional discovery is necessary to resolve jurisdictional facts). Defendants must produce, by no later than October 30, 2026, the items Plaintiff seeks, including the transaction binder, the valuation report prepared by the Trustee's valuation advisor, reports from any other advisors reviewed by the Trustee in connection with the transaction, and the fiduciary committee notes from the transaction.

Finally, as the parties have agreed that the legal issues and arguments in other pending motions are "inextricably intertwined" with the issues and arguments raised in the motion for jurisdictional discovery, Doc. [107], the Court will deny without prejudice all pending motions to

dismiss and for sanctions until after the completion of jurisdictional discovery. Jurisdictional discovery may necessitate amendment of the Complaint, which could in turn occasion the filing of new motions to dismiss. And because the discovery sought is closely related to the merits of the underlying claims, all parties may wish to supplement their arguments relating to dismissal after jurisdictional discovery is completed. The parties will be given the opportunity to renew their motions and supplement briefing as necessary, but Defendants are cautioned that any new filing must comply with the undersigned's requirements, which prohibit duplicative filings. If more than one Defendant intends to file a motion to dismiss on the same or similar grounds, they must coordinate to file a single motion. *See* Judge Pitlyk's Requirements ¶ 9, Motions and Memoranda at https://perma.cc/SFC6-M9QJ.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to Conduct Limited Jurisdictional Discovery, Doc. [65], is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss Plaintiff's Amended Complaint, Doc. [50], is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that Defendants' Motion for Leave to File Under Seal, Doc. [53], is **DENIED** as moot.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss Counts II and III of Plaintiff's Amended Complaint, Doc. [55], is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that Defendants' Motion for Sanctions, Doc. [60], is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss Plaintiff's Amended Complaint in Case No. 4:26-cv-00053, Doc. [78], is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss Plaintiff's Amended Complaint in Case No. 4:26-cv-00054, Doc. [80], is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss Counts II and III of Plaintiff's Amended Complaint in Case No. 4:26-cv-00053, Doc. [82], is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss Counts II and III of Plaintiff's Amended Complaint in Case No. 4:26-cv-00054, Doc. [84], is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Stay Fed. R. Civ. P. 11 Briefing, Doc. [122], is **DENIED** as moot.

**IT IS FURTHER ORDERED** that Defendants must produce, by no later than **October 30, 2026**, the transaction binder, the valuation report prepared by the Trustee's valuation advisor, reports from any other advisors reviewed by the Trustee in connection with the transaction, and the fiduciary committee notes from the transaction.

**IT IS FURTHER ORDERED** that Plaintiff shall have until **December 18, 2026**, to file a motion for leave to file an amended complaint, with accompanying proposed pleading, in compliance with Eastern District of Missouri Local Rule 4.07, or to notify the Court that no such motion will be forthcoming.

**IT IS FINALLY ORDERED** that Defendants shall have until **January 15, 2027**, to file a renewed motion to dismiss or motion for sanctions, as warranted. Going forward, all motions are to be filed in only Case No. 4:25-cv-1325.

Dated this 30th day of September, 2026.

SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE